## LYONS v. MARTIN et al.

No. 21496. Opinion Filed Feb. 21, 1933.

Rehearing Denied April 18, 1933.

Travis I. Milsten and J. D. Johnston, for plaintiff in error.

G. E. Conway and Clarence McRae, for defendants in error.

ANDREWS, J. The defendant in the trial court appealed to this court and he herein contends that:

"The trial court was without jurisdiction to entertain plaintiffs' alleged cause of action or to make any order or to enter any judgment therein other than to dismiss same for want of jurisdiction."

In the trial court the plaintiffs contended that the defendant had loaned them the sum of $800, which amount they had agreed to pay with interest in an amount which was usurious, and the payment of which amount they had secured by the execution and delivery to the defendant of title papers to certain personal property, which instruments were intended to be chattel mortgages on the property therein described.

They contended that, unless the title papers were construed to be chattel mortgages, the defendant would hold the personal property as his own. They prayed that they be construed to be chattel mortgages and that the defendant be required to foreclose the same by legal action rather than by a sale under the provisions for a chattel mortgage sale. Therein they alleged the value of the property to be $3,600, and it is upon that allegation that the defendant bases his contention that the trial court was without jurisdiction of the subject-matter of the action.

The allegations as to the value of the property were superfluous, and, under the issues presented, immaterial. The action was not for the recovery of specific personal property or for the wrongful conversion thereof.

The amount of usury claimed was within the jurisdiction of the trial court. The amount of the debts secured by the chattel mortgages was within the jurisdiction of the trial court. While the value of the property covered by the chattel mortgages, as fixed in the pleading of the plaintiff, was in excess of the jurisdiction of the trial court, that fact did not deprive the court of jurisdiction to decree the title papers to be chattel mortgages.

The trial court found that the title papers were intended to be, and, in legal effect, were chattel mortgages, and enjoined the defendant from claiming the title to the chattel property. It did not determine the question of usury or the question of foreclosure of the chattel mortgages.

Section 1, ch. 51, Session Laws 1923, as amended by chapter 183, Session Laws 1925, and by chapter 109, Session Laws 1927 (chapter 21, art. 5, O. S. 1931), provides that the court of common pleas is a court of general jurisdiction in both law and equity, having jurisdiction where the amount involved does not exceed the sum of $2,500, exclusive of interest and costs, except in causes involving the title to real estate, actions for divorce, and actions for libel and slander.

We find no error in the judgment of the trial court, and it is in all things affirmed.

SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., CULLISON, V. C. J., and McNEILL, J., absent.